## THE SYRACUSE.

## THE GRACE DANFORTH.

### (District Court, N. D. New York. November 20, 1899.)

COLLISION—COMPUTATION OF DAMAGES—INTEREST.

In determining the damages recoverable for a collision, where it appears that the amount expended by the libelant for repairs was extravagant, and the vessel was placed in better condition than before the collision, but under the settled rules there is no ground for disturbing the findings of the commissioner, the court will closely scrutinize the other items of damages claimed, and withhold any allowance for interest.

On motion to confirm report of the commissioner, appointed to assess the libelant's damages, and on exceptions to said report. For decision at final hearing, see (D. C.) 84 Fed. 1005.

George Clinton, for libelant.
William Burnet Wright, Jr., for the Grace Danforth.
Maurice C. Spratt, for the Syracuse.

COXE, District Judge. I have read with care the elaborate briefs submitted and the more important parts of the testimony returned. A reading of the entire record of over 600 pages seems unnecessary as much of it relates to unimportant details. I think I fully understand the matters in controversy and the proof bearing thereon.

It must be conceded that the repairs to the Elk were made, if not recklessly, certainly with no serious effort to economize. I am not prepared to say that they could have been made for the sums sworn to by the expert witnesses for the claimants, but I cannot avoid the impression that they might have been made for less than the amount paid. As to the principal claim allowed to O'Neil— $2,931.96—it is not easy to formulate any rule by which it can be consistently reduced. The tug was so badly injured that it is almost impossible to say at what point the old material could have been utilized and the use of new material, and the labor of putting it in, avoided. Besides, the learned commissioner had the benefit of seeing and hearing the witnesses which is a great advantage in a controversy like the present. There certainly is evidence to sustain his findings and under well-known rules the court would

not be justified in disturbing them. But the fact that the court is convinced that these elaborate and expensive repairs have added to the strength and efficiency of the Elk and have placed her in a somewhat better condition than she was prior to the collision, compels the closest scrutiny of the other items of damage. The following amounts should be deducted:

| | |
|---|---:|
| Demurrage | $300 00 |
| Painting | 17 50 |
| Tools | 69 21 |
| Storage | 10 00 |
| Interest | 780 00 |

The burden was upon the libelant to satisfy the court that the above items of damages were attributable to the collision and I am constrained to say that, in my judgment, it has failed to do so. The collision occurred almost at the end of the season of navigation, but 12 days remaining. The earnings of the Elk during that time were entirely problematical and depended upon the happening of a contingency which the evidence fails to prove. In such circumstances $60 is a fair allowance for demurrage. The painting of the Elk was an annual occurrence and would have taken place if no collision had occurred. There is nothing to show that the collision caused the loss of the tools. They were lost or stolen when the tug was in the possession of the libelant several days after the collision. The payment of storage charges was unnecessary. Interest should be withheld for the reason stated at the beginning of this memorandum. The amount thus disallowed aggregates $1,176.71, leaving the balance due the libelant $3,719.74. The amount found by the commissioner should be reduced as aforesaid and, as so modified, his report is confirmed.